ADKINS, APPELLANT, *v.* ADKINS, APPELLEE.

(No. 4971—Decided February 8, 1954.)

*Mr. L. P. Henderson,* for appellant.
*Messrs. Tyack & Gertner,* for appellee.

HORNBECK, J.  This is an appeal on questions of law from a judgment of the Common Pleas Court, refusing to decree partition of certain real property upon the petition of the plaintiff.

The petition alleged that the plaintiff and the defendant were tenants in common of the real estate described in the petition, each seized of one-half interest in fee simple.  Defendant, by way of answer, alleged that the interest of plaintiff, if any, in the real estate described in the petition is subject to the prior life estate of Thomas Addison, who is still living.

The cause was submitted on a stipulation of facts. The facts essential to an appreciation of the question presented are that Norris Adkins is a remainderman of one-half of the real estate sought to be partitioned, and defendant is the owner in fee of the other one-half, and holds by deed the life interest of Thomas Addi-

son, the former life tenant. The question thus presented is whether a quitclaim deed by Thomas Addison, the life tenant, of his interest to the defendant removes any bar to partition which Thomas Addison, the life tenant, could have urged had he retained his life interest.

It is the contention of plaintiff that by the quitclaim deed Thomas Addison conveyed all his right, title and interest in the real estate under consideration to defendant. This is true. But we fail to follow the reasoning that thereby the plaintiff had the right to maintain his suit in partition. By the deed from Thomas Addison, the life tenant, to the defendant, his lesser interest was merged in defendant's greater interest. However, the defendant had another interest, namely, the life estate in the other one-half of the real estate which was owned by the plaintiff, and, as to the plaintiff, there is still outstanding a life estate. The cases cited by Judge Gessaman in his opinion support his conclusion.

In the situation thus developed by the facts, plaintiff may not maintain his action for partition because there is outstanding against his undivided one-half interest, the life estate in his share which is now owned by the defendant.

The right of possession to plaintiff's one-half interest in the premises is in the defendant by virtue of her life estate therein. Possession, or immediate right to possession, is essential to a right of partition. 30 Ohio Jurisprudence, 843, Section 11; *Rawson* v. *Brown*, 104 Ohio St., 537; 136 N. E., 209.

The judgment is affirmed.

*Judgment affirmed.*

WISEMAN, P. J., and MILLER, J., concur.